SARAH E. PLUMMER, Defendant in Error, *vs.* BERTHA
FLESHER *et al.* Plaintiffs in Error.

*Opinion filed October 28, 1910.*

1. TRUSTS—*resulting trust cannot arise from verbal agreement.*
A resulting trust cannot arise from any verbal agreement between
the parties or verbal declaration at the time of the purchase, but
it arises where one person has paid the consideration, or some
aliquot part thereof, as a part of the original transaction at the
time the purchase was made and the title has been taken in the
name of another.

2. SAME—*what does not justify declaring a trust.* A statement
by a party, at the time of buying a lot, that he intended to build
a house and make a home for himself and his mother, which ex-
pressed intention he carries out until his death, does not justify
the court in declaring a trust in the lot in favor of the mother,
either as a resulting trust or by construction, operation or impli-
cation, there being no fraud; and upon the son's death, intestate,
the title passes to his only child as his heir.

3. ACCOUNTING—*when party is not entitled to a lien on prop-
erty for balance due.* Where a son buys a lot and builds a house
with the expressed intention of making a home for himself and his
mother as long as she lived and took care of his child, and the
mother continues to live in the house and care for the child after
the death of the son, intestate, the mother is chargeable, on ac-
counting, with a fair rental value of the premises and is entitled
to credit for money paid by her for taxes, insurance and interest
and dues on a mortgage on the premises and for the care and sup-
port of the child, but she is not entitled to any balance over that
can be made a charge or lien on the lot.

WRIT OF ERROR to the Circuit Court of Crawford
county; the Hon. WILLIAM H. GREEN, Judge, presiding.

CALLAHAN, JONES & LOWE, for plaintiffs in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

Upon a bill filed in the circuit court of Crawford county
by Sarah E. Plummer, defendant in error, against Bertha
Flesher and her husband, plaintiffs in error, asking the

court to declare a trust in favor of the complainant and to enjoin a writ of possession awarded on a judgment against her in forcible detainer, the chancellor found and decreed that the complainant was the owner in fee of the undivided one-half of lot 24 in D. W. Odell's third addition to the village of Oblong, in said county, and that the defendant Bertha Flesher was indebted to said complainant in the sum of $132.50, which was made a lien upon the interest of said defendant Bertha Flesher in said lot, and it was ordered that said interest subjected to the lien should be sold to satisfy the same unless said amount should be paid within the time limited by the decree, and the writ of possession in the forcible detainer suit was permanently enjoined.  A writ of error was sued out of this court to review the decree.

The facts are as follows: Charles Plummer, one of the sons of the complainant, Sarah E. Plummer, bought the lot in 1896 and paid $50 for it and received a deed. He was a widower with one child, the defendant Bertha Flesher, then about four years old. The complainant was a widow with two other sons and one daughter. When Charles bought the lot he stated that he was going to build a house and make a home for himself and mother; that he would have a home for himself and his mother for taking care of Bertha as long as she lived with him, and that he would not be able to pay his mother anything but would give her a home as long as she lived. He built a house on the lot, which cost something like $500, and mortgaged the premises to the Crawford Building and Loan Association for $250. Charles, with his daughter, Bertha, and complainant with her family, moved into the house and occupied it as one family until Charles died, in 1898. The complainant and her family have occupied it since, and Bertha remained in the family and was cared for and clothed by the complainant until she was married, in July, 1908. After the death of Charles Plummer the complain-

ant paid the taxes, amounting to $66.07, and interest and dues on the mortgage to the amount of $170.30.

There was no express trust, which, under the statute, must be manifested and proved by some writing signed by the party who is by law enabled to declare the trust, and that statute was set up and relied upon in the answer. There was no resulting trust, for the reason that the complainant did not pay any part of the consideration for the lot. A resulting trust cannot arise from any verbal agreement between the parties or verbal declaration at the time of the purchase, but it arises from the fact that one person has paid the consideration, or some aliquot part thereof, as a part of the original transaction at the time the purchase was made and the title has been taken in the name of another. (*Perry* v. *McHenry,* 13 Ill. 227; *Bruce* v. *Roney,* 18 id. 67.) Charles Plummer carried out his expressed intention so long as he lived, and there was no fraud which could create a trust by construction, implication or operation of law. The chancellor erred in declaring a trust and also in enjoining the execution of the judgment in forcible detainer. Defendant Bertha Flesher was the sole owner of the premises after the death of her father, as his heir. Upon an accounting between the parties the complainant would be chargeable with the fair rental value of the premises, and would be entitled to credit, as against the sum charged to her, with moneys paid for taxes, repairs, and interest and dues on the mortgage and for the care and support of Bertha, but would not be entitled to any balance over that could be made a charge or lien on the lot. The chancellor erred in charging the defendant Bertha Flesher with a balance of $132.50, as a lien on the premises.

The decree is reversed and the cause is remanded to the circuit court for such further proceedings as may not be inconsistent with the views herein expressed, and with leave to the parties to amend their pleadings if they shall be so advised.                                    *Reversed and remanded.*